IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:01-cr-00355–JAG

ENOS A. WILKERSON,
        Defendant.

## OPINION

At his sentencing in July 2002, Enos A. Wilkerson was designated as an armed career criminal based in part on prior convictions for robbery and attempted robbery in Virginia. Wilkerson now challenges this designation in light of the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which held unconstitutional the residual clause of the Armed Career Criminal Act (the "ACCA"). Without the residual clause, Wilkerson's prior robbery convictions do not fall within the ACCA's definition of "violent felony," meaning that Wilkerson is not an armed career criminal. Accordingly, the Court will correct his unconstitutional sentence.

On March 13, 2002, a jury found Wilkerson guilty of one count of possession of a firearm by a convicted felon. At the time of his sentencing, Wilkerson qualified as an armed career criminal because he had at least three predicate offenses—four prior convictions for robbery in Virginia, two prior convictions for attempted robbery in Virginia, and one prior conviction for use of a firearm in an attempted robbery. (PSR ¶ 48.) This increased his possible sentence from a maximum of ten years to a mandatory minimum of fifteen years. On July 11, 2002, the Court sentenced Wilkerson to over twenty years' imprisonment.

On June 17, 2016, the Fourth Circuit authorized Wilkerson to file a second or successive § 2255 motion because Wilkerson had made a prima facie showing that *Johnson* may apply to his case. Wilkerson timely filed the pending motion (the "§ 2255 Motion") on June 20, 2016.[1]

On September 13, 2016, the Court granted Wilkerson's motion to hold the § 2255 Motion in abeyance pending the Fourth Circuit's decision in *United States v. Winston*, No. 16-7252 (4th Cir.). On March 13, 2017, the Fourth Circuit issued its opinion in *Winston* holding that prior convictions for Virginia common law robbery do not constitute violent felonies under the ACCA. The Court directed the government to file its position on the § 2255 Motion in light of *Winston*. The government conceded that the Court should grant the motion:

> [D]efendant is no longer ACCA eligible. Accordingly, the maximum term of imprisonment he may serve for the present conviction is 120 months. Because defendant has already served this amount of time, there is no need for a re-sentencing hearing in this case.

(Gov't's Mar. 28, 2017 Resp. 3–4.)

With the residual clause of the ACCA invalidated, in light of the Fourth Circuit's decision in *Winston*, and as conceded by the government, Wilkerson no longer qualifies for the enhanced sentence under the ACCA. Without the ACCA enhancement, the maximum penalty for Wilkerson's conviction for possession of a firearm by a convicted felon is ten years. The Court, therefore, reduced Wilkerson's term of imprisonment to ten years by Order dated March

---

[1] Wilkerson's counsel originally signed and filed the § 2255 Motion. On June 20, 2016, the Court ordered the submission of an amended motion signed by Wilkerson himself. In the same order, however, the Court deemed the § 2255 Motion filed as of June 20, 2016. This falls within the one-year statute of limitations for when a prisoner seeks to challenge his sentence based on a newly recognized constitutional right. 28 U.S.C. § 2255(f)(3); *see Johnson*, 135 S. Ct. 2551 (decided June 25, 2016).

2

29, 2017. Because Wilkerson had already served more than ten years of imprisonment,[2] the Court directed his immediate release.

The Court issued a corresponding order on March 29, 2017.

Let the Clerk send a copy of this Order to all counsel of record.

Date: March 30, 2017
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] Wilkerson has been in custody since January 7, 2002. (*See* PSR 1.)

3